## PETER RINGHOUSE

*v.*

## MARIA KEEVER.

1. DEATH—*what sufficient proof of the death of a party.* The ordinary rule is, that it is general reputation among the kindred only of a deceased person, that is admissible in proof of death, but this rule has been relaxed in cases where the deceased left no kindred that are known, and in such cases, reputation among the acquaintances of the deceased is sufficient proof of the fact.

2. JOINDER OF COUNTS—*in ejectment.*—The 9th section of our Statute of Ejectment seems, by implication, to forbid the joinder of a count for dower with counts of a different character.

3. SAME—*remedy for dower.* At any rate, where the plaintiff, as the widow, claims one-half the premises in fee, as heir of her deceased husband, and joins a count for dower in the other half, the latter count should, upon motion by the defendant, be stricken out.

4. In such a case, the action of ejectment does not furnish an appropriate remedy for the recovery of dower, but it should be asserted in chancery.

5. DOWER—*when the right exists.* Where a party dies intestate, leaving no lineal descendants, his widow will take one-half his lands in fee, as his heir, and dower in the other half. The case of *Lessley* v. *Lessley,* 44 Ill. 527, applied only to testate estates, and does not affect the rule as to dower, as here asserted.

6. SAME—*extent of the right.* But where the widow claims one-half the land in fee, as heir, her dower interest attaches only to the remaining half which descends to the other heirs; she cannot take one-half in fee and a dower right in so much of the other half as would be equal to one-third of the whole.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

The opinion states the case.

Messrs. LACEY & WALLACE, for the appellant.

Mr. B. S. PRETTYMAN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action in ejectment, brought by Maria Keever, claiming as widow and heir of her former husband, Henry Hardie. It is objected, that the proof of the death was not sufficient. The ordinary rule is, that it is general reputation among the kindred only of a deceased person, that is admissible in proof of death, but that rule has been sometimes relaxed, as in *Scott's lessee* v. *Ratcliff*, 5 Pet. 81. Where, as in the present case, the deceased left no kindred that are known, the rule must be relaxed from necessity.

In this case, the depositions of two witnesses were taken, who lived in New Orleans, and who were present at the marriage of Hardie in that city, in 1845. They testify that he had but one child, who died, and that he, also, died of cholera in 1849. His death was announced in the newspapers, and he was spoken of by his acquaintances as dead. His widow subsequently married her present husband.

The instruction given for the plaintiff is not sufficiently qualified as a rule of universal application, but in this case it worked no prejudice, as the evidence was competent and sufficient. In a population as unstable as ours, and comprising so many persons whose kindred are in distant lands, the refusal of all evidence of reputation in regard to death, unless the reputation came from family relatives, would sometimes render the proof of death impossible, though there might exist no doubt of the fact, and thus defeat the ends of justice.

In the case before us, the plaintiff, in one count, claimed the fee simple to an undivided half of the premises, and in another an undivided third of an undivided half as dower.

The defendant moved to strike from the declaration the last count, which motion the court overruled, and on trial gave judgment for the plaintiff upon both counts—upon the first, for the recovery of an undivided half, and upon the second,

that commissioners be appointed to assign her dower in the entire premises, which commissioners the court proceeded to appoint. The 9th section of our Statute of Ejectment seems, by implication, to forbid the joinder of a count for dower with counts of a different character. Without deciding that question, however, it is enough to say, in the present case, that the plaintiff was not entitled to an assignment of dower in the entire premises, as the court awarded, but only to an assignment of one-third of an undivided half, which was all that was claimed in the second count.

The case of *Lessley* v. *Lessley*, 44 Ill. 527, applied only to testate estates, and was not intended to overrule the previous decisions, holding that in cases of intestacy, the widow is entitled to one-half the realty in fee, and dower in the other half, where there are no lineal descendants. But we are not aware it has ever been contended, that even in such cases, the widow is to take the fee to one-half and a life-estate in so much of the other half as would be equal to one-third of the whole. If she takes one-half as heir, she must contribute equally with the other heirs to the satisfaction of the dower. Her dower interest in her own half is merged in the fee, and the reservation of the dower right provided for in the 46th section of the Statute of Wills, is merely of her dower interest in that portion of the estate which she does not take by a higher title, to-wit, in the present case, one-third for life in that half which descends to the other heirs. The judgment, therefore, upon the second count, was erroneous.

Nor do we perceive how any judgment for dower which can be executed, can be rendered in the present case. The recovery would be of an undivided third of an undivided half, and commissioners would be appointed, under the 45th section of the Statute of Ejectment, to assign the dower by metes and bounds. But before they could do this, it would be necessary that the undivided halves should be partitioned between the widow and the other heirs, and such partition these

commissioners would have no power to make. Where the widow claims one undivided half in fee, and dower in the other undivided half, the action of ejectment does not furnish an appropriate remedy. Her right of dower should, in such cases, be asserted by bill in chancery.

The count for dower should have been stricken from the declaration.

The judgment is reversed and the cause remanded.

*Judgment reversed.*