390 CUTTER, ADMR. *v.* THOMPSON *et al.* [Sépt. T.,

Syllabus. Statement of the case.

# WILLIAM T. CUTTER, Administrator of WILLIAM R. THOMPSON, deceased,

*v.*

## HARVEY M. THOMPSON *et al.*

1. ADMINISTRATOR—*of his powers respecting incumbrances upon lands sought to be sold to pay debts.* It was held, in *Phelps, Admr.* v. *Funkhouser*, 39 Ill. 401, that the statute of "Wills" gave no power to an administrator to involve an estate in litigation, under a pretense of removing an incumbrance, with a view to a better price when it shall be offered for sale to pay debts. He must take the estate as he finds it, and if incumbered, or there be clouds upon the title, sell it subject to them.

2. SAME—*construction of the act of* 1857, *in that regard.* The rule thus laid down, was based upon certain sections of the statute of "Wills," which had been repealed by the act of 1857, amendatory of the law respecting the sale of the lands of an estate to pay debts, but the act of 1857 in no wise militates against the doctrine of that case in that regard, and it is adhered to.

3. The act of 1857 makes no substantial change in the law as it was contained in the repealed sections, except that now, the administrator has authority to apply for the sale of any land, to which the intestate had claim or title, but of which he did not, technically, die seized. Such a claim may be investigated by the court, under the act of 1857, in the mode therein pointed out, and, if found to exist, then an order may be obtained to sell it. But it was not intended to give the administrator authority to engage in litigation for the purpose of removing clouds upon title.

APPEAL from the Circuit Court of Du Page county; the Hon. SYLVANUS WILCOX, Judge, presiding.

This was a suit in chancery commenced in the Circuit Court of McHenry county, by Cutter, as the administrator of William R. Thompson, deceased, to subject certain lands, located in Du Page county, of which he died seized, to the payment of his debts. The judge having been of counsel in the case, the venue was, by order of that court, changed to Du Page county. This proceeding was based upon the act of 1857, amending the statute of Wills—and was brought by

Cutter, as such administrator, to remove a cloud upon the title.   The lands are described as the S. W. ¼ S. 3, T. 39 N., R. 11 E.   It appears that Thompson purchased these lands, subject to a mortgage, and that the mortgage was foreclosed after his death, and that neither the administrator nor the heirs of Thompson were made parties defendant.   This and various other illegalities in the proceeding are alleged, which it is claimed rendered the subsequent sale under the foreclosure null and void.   A demurrer was filed to the bill for want of equity, and for want of jurisdiction of the McHenry County Circuit Court.   The demurrer was sustained and the bill dismissed.   The complainant brings the record to this court on appeal, and assigns for error the action of the court in sustaining the demurrer and dismissing the bill.   The single question presented on the record is, as to the authority of an administrator, under the act of 1857, to involve the estate in litigation to remove an incumbrance or a cloud upon the title, upon land sought to be subjected to the payment of debts, under pretense of securing a better price at such sale.

Mr. W. T. BURGESS, for the appellant.

Mr. JOHN J. McKINNON, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The case presented by this record must be governed by the case of *Phelps, Admr.* v. *Funkhouser et al.* 39 Ill. 401.

It is true, in the argument and decision of that cause, no reference was made to the act of 1857; it was decided upon the several sections of the statute of "Wills," quoted and commented on in that opinion.   The conclusion which we reached was, that statute gave no power to an administrator to involve an estate in litigation under a pretense of removing an incumbrance, with a view to a better price when it shall be offered for sale to pay debts.   He must take the estate as he

finds it, and if incumbered, or there be clouds upon the title, sell it subject to them.

The act of 1857, (Gross' Stat. 819, sec. 132, 139) indeed the whole act being considered, makes no substantial change in the sections of the statute of Wills, quoted in the opinion in Phelps' case, and repealed by that act, except that by the act of 1857, the administrator has authority to apply for the sale of any land, to which the intestate had claim or title. It surely was not designed, by that act, to give to a county court, not usually composed of persons learned in the law and familiar with chancery proceedings, the power to inquire into and adjudicate upon such intricate questions as are usually involved in disputed titles incumbered by a cloud or otherwise. It was only intended to confer upon them and upon the circuit courts, the power to apply for a sale of land of which the intestate did not, technically, die seized, but such to which he had a claim of title. Such claim was to be investigated by the court in the mode pointed out in the statute, and if found to exist, then an order might be obtained to sell it. Should the scope contended for by appellant be given to this act, the most ruinous consequences might ensue, and a claim of an estate which might have sold for its value when offered at public sale by the administrator, might be wholly lost in fruitless litigation. We do not believe it was the design of the legislature, by that act, to do anything more than to allow an administrator to apply for the sale of an estate which the intestate claimed, but of which he did not die seized.

There is no authority given, by the act of 1857, to the court to adjudicate upon titles—to remove clouds or settle equities; the sole power is conferred to ascertain if the personal estate has been properly applied by the administrator in payment of debts, and if there be a deficiency, and what portion of the real estate, to which claim has been set up, shall be sold to make good such deficiency. We can not believe it was the intention of the legislature, by this act, to confer a power upon an administrator to go into a county court, or circuit court, to

remove a cloud upon the title to a piece of land to which his intestate may have had a claim, in the prosecution of which a grievous loss might ensue. It is sufficient for the administrator, that he obtains an order to sell such an estate, leaving it to the purchaser to contend against counter claims.. Not believing the legislature intended to give an administrator authority to make such hazardous experiments, we are compelled to hold, as in Phelps' case, that the authority does not exist, and must affirm the judgment of the circuit court. See *post.* p. 531.                              *Decree affirmed.*