# CASES

### IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1875.

BURADELLA G. SIMPSON

*v.*

WILLIAM H. HAM.

1. DOWER — *damages for detention* — *remedy.* On a petition for the assignment of dower, the court has complete jurisdiction, when it has assigned, to cause the widow's damages to be assessed for the detention of her dower; and when she elects to proceed by petition under the statute, and has her dower assigned, she can not then abandon that proceeding and invoke the aid of a court of chancery to take an account of the *mesne* profits. Her remedy in the proceeding by petition is full and complete, and she should pursue it then, and if she fails to do so, she will be deemed to have waived it.

2. APPEAL. If the court rule erroneously, in refusing to assess the widow's damages in a proceeding by · petition for the assignment of dower, under the statute, the remedy is by appeal, and not by a bill in chancery

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BANGS, SHAW & EDWARDS, for the appellant.

Mr. G. S. ELDRIDGE, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This bill was for an account of the rents and profits that accrued during the pendency of a cause commenced by complainant, under the statute, to have her dower assigned to her in certain lands, the fee of which was in William H. Ham.

It is alleged, that on the 1st day of March, 1871, complainant was entitled to dower in the lands described, and on that day she filed her petition for assignment of dower. The litigation was protracted until October, 1873, before dower was assigned, and it was April, 1874, before she obtained possession of that part assigned to her. At the date of filing the petition for dower, it is charged, the lands were improved and cultivated, and yielded, during the protracted period of litigation, large rents and profits to the owner of the fee, then in possession, over and above all taxes, repairs, and other proper disbursements, all of which were received by defendant, and that he refused to account to her for her just proportion, as damages, for the detention of her dower. The petition, it is alleged, claimed no damages for the detention of the dower, no demand having been previously made and no damages having then accrued.

It is further alleged, that, at the October term, 1874, of the circuit court, in the proceedings there had, complainant made a motion, notice having been given, to reinstate the cause, for the purpose of having the damages sustained by her in consequence of the detention of her dower after demand, assessed and allowed in that proceeding; but, on objections being made by defendant, the court overruled the motion, on the ground it had then lost all jurisdiction over the cause.

A general demurrer to the bill was, by the court, sustained, for want of equity, and the bill dismissed. That decision is the only error assigned.

It is not denied the statute furnished complainant an adequate remedy, in the same cause, where her dower was as-

signed, had she prosecuted her claim for damages in apt time. The provisions of the statute under which the proceedings were conducted, are, that, upon the approval of the report assigning dower, the court shall forthwith put the dowress in possession of the lands assigned to her; and "such widow shall also be entitled to her reasonable damages, to be awarded her from the time of her demand, and refusal to assign her her reasonable dower, which may be assessed by the court, or a jury, if required, shall be impanelled for that purpose, and execution issue therefor." R. S. 1845, p. 202, sec. 26.

No reason is shown why she did not move the court to have her reasonable damages assessed, when the court approved the report of the commissioners assigning dower. There being no further prosecution of the cause, it seems to have passed from the docket, perhaps without any order of court to that effect, or any action on the part of the petitioner, and nothing more was done until the October term, 1874, when the motion to reinstate the cause was overruled. Complainant's damages were not assessed in that cause simply because she did not ask to have it done at the proper time. The argument is, that complainant may abandon that proceeding under the statute when the last step was taken, and invoke the aid of a court of chancery to have an account of her damages taken against the owner of the fee.

At common law, no doubt, the widow might establish her right to dower at law, and then go into a court of chancery and compel the heir or his representative to account for *mesne* profits, and when the right to dower was not in dispute, chancery would assume concurrent jurisdiction with the courts of law, and direct the dower to be assigned.

On petition, under our statute, when the court has assigned dower, it has complete jurisdiction to cause the widow's damages for the detention of the dower to be assessed. It may be that, in the first place, she might have resorted, as at common law, to a court of equity, had her dower admeasured and an account taken of the *mesne* profits; but, having elected to

proceed by petition, under the statute, she will not be permitted to abandon that proceeding and invoke the aid of a court of chancery to take an account of the *mesne* profits.

This is, virtually, an original bill to compel what could have been and ought to have been done in the former suit, if she claimed damages. Should this be allowed, it would permit a party to try his case partly in a court having jurisdiction to render complete justice, to abandon that court and seek another court, with no greater powers in the premises, to obtain what further redress he might deem himself entitled to. Her remedy in the court having first acquired jurisdiction, under the statute, was full and complete, and she ought to have pursued it there. Not having had her damages assessed in that proceeding, she must be deemed to have waived them.

Complaint is made, the circuit court, at a subsequent term, overruled the motion made, upon notice, to reinstate the cause, that complainant might proceed to have her damages assessed. If the court ruled erroneously on that motion, the remedy was by appeal, and not by bill in chancery.

The demurrer was properly sustained, and the decree dismissing the bill will be affirmed.

*Decree affirmed.*