## John C. Fetzer, Appellant, v. Frederick W. Clark et al., Appellees.

### Gen. No. 16,142.

DISMISSAL—*when proper upon ground of abandonment.* If it appears that a pending bill in chancery is predicated upon the same facts and seeks the same relief as intervening petitions filed in another pending cause, it is appropriate for the court to require the complainant to elect as to which remedy he will pursue, and even though such complainant decline to make such election, if by conduct he appears to have elected to proceed under such intervening petitions, a dismissal of the bill of complaint is proper upon the ground of abandonment.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1909. Dismissed. Opinion filed March 1, 1910.

ELBRIDGE HANECY and ARTHUR B. WRIGHT, for appellant.

WILSON, MOORE & McILVAINE, for certain appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This cause comes before the court at this time on the motion of appellees to dismiss the appeal. The bill in this appeal is virtually in all essential particulars of averment and prayer for relief identical with the intervening petitions, so-called, in cases general numbers 16,143 and 16,144, in which opinions are this day filed dimissing the appeals. (Post, pp. 154, 168.) All three were filed at the same time.

Upon discovering that the bill in this case and the two intervening petitions above referred to sought the same relief upon identically the same facts and against the same parties in each case, the chancellor required appellant to elect whether he would proceed under the intervening petitions or the bill. Appellant declined to elect as requested, but did in fact proceed under the intervening petitions to dismissal after a

full hearing. The court found that appellant "had proceeded under the said document in the nature of an intervening petition to press for and assert his rights to intervene in each of said two causes  *  *  * and to become a party thereto, and the court therefore in that case found, and in this case doth now find and adjudge that the action of the said Fetzer in pressing for and demanding to be admitted as a party to said litigation under his said petition in each of said two cases, amounted to and was an election by the said Fetzer to pursue the said petitions and each of them, in lieu of the bill of complaint in this present cause, and constituted and was an abandonment of this present bill of complaint." The chancellor thereupon, on his own motion, dismissed the bill. Appellant obtained and prosecutes this appeal.

The requirement of the chancellor that appellant elect was a reasonable one, for if appellant could succeed under the intervening petitions and the bill, he would not have obtained any practical relief differing from either. If the court indulged in such a work of supererogation as to enter three decrees, the one under the bill would vest no right or confer no benefit not accorded in the decrees in the cases in which the intervening petitions were filed. We are unable to gather from appellant's brief that any really substantial matter or claim present in one is absent in the others. But as we have already decided, appellant has no interest or claim to litigate in either case and makes none either by his bill or intervening petitions. While appellant did not in words elect which remedy he would pursue, by his acts he most effectually did so elect, and by proceeding under the intervening petitions in the eye of the law he abandoned his bill, as the chancellor rightly held. Simpson v. Ham, 78 Ill. 203.

For the foregoing reasons and others appearing in the opinion in Bayley et al. v. Clark et al., general number 16,143, filed herewith, *post* p. 154, the mo-

tion to dismiss is allowed and the appeal is accordingly dismissed.

*Appeal dismissed.*