SCOTT v. STATE OF INDIANA, EX REL. STANSBURY, ATTORNEY-GENERAL, ET AL.

[No. 11,139. Filed February 16, 1922.]

1. ESCHEAT.—*Action to Recover Property Escheating to State.* —*Right of Attorney-General to Prosecute.*—*Statutes.*—Under §9276 Burns 1914, Acts 1889 p. 124, the attorney-general of the state has the power to prosecute an action to recover property which may escheat to the state on the death of the owner intestate and without heirs. p. 608.

2. ESCHEAT.—*Property of Intestate without Heirs.*—*Vesting of Title in State.*—*Entry.*—Where a person dies intestate and leaves no heirs capable of inheriting his real estate, the title thereto vests at once, by escheat, in the state, and it has the right to enter upon and take possession by and through its officers and agents. p. 608.

3. JUDGMENT.—*Decree Quieting Title to Land.*—*Conclusiveness as to State.*—As there is no statutory provision for making the state a party defendant to an action to quiet title, a decree quieting title to land in one claiming to be an heir of an intestate is a nullity as against the state, and does not bar an action by the attorney-general to recover the land on the ground that it escheated to the state. p. 609.

4. EVIDENCE.—*Declarations of Deceased as to Relatives.*—*Admissibility.*—In an action by the state to recover property left by an intestate against one claiming to be an heir, it was

proper for the court to permit witnesses to testify as to the declarations made by the intestate as to what relatives she had. p. 610.

From Marion Superior Court (A6,785) ; *Linn D. Hay,* Judge.

Action by the State of Indiana, on the relation of E. C. Stansbury, Attorney-General, against George Scott and another. From the judgment rendered, the named defendant appeals. *Affirmed.*

*William E. Henderson* and *W. S. Henderson,* for appellant.

*U. S. Lesh,* Attorney-General, and *Edward M. White,* for appellees.

ENLOE, J.—One Mary T. Head died intestate at Indianapolis, Marion county, Indiana, in April, 1919, the owner of the real estate in question in this suit, and her estate was fully settled. In May, 1919, the appellant above named, claiming to be the first cousin and only heir at law of said Mary Head, filed a complaint in the Marion Superior Court, Room 2, to quiet his title to said real estate, making: "Security Trust Co., ........ Head, husband of Mary Head, deceased,— The Unknown heirs of Mary Head, deceased,—The legatees and devisees of Mary Head, deceased," parties defendant hereto.

On October 1, 1919, the attorney-general began this suit, naming the appellant herein and Fletcher Savings and Trust Company, as parties defendant. The complaint was in two paragraphs, the first simply alleging that the State of Indiana was the owner in fee simple of the property in question, describing it, and that the defendants were claiming some interest therein, which claim was without right, etc. In the second paragraph it was alleged that Mary T. Head died intestate, the

owner of said lands,—that her estate had been fully settled,—that the said Mary T. Head left no kindred surviving her capable of inheriting said property and that the same had escheated to the State of Indiana in fee simple. This paragraph also contained the usual formal averments as to claims of the defendants, etc.

The appellant herein appeared as a defendant and filed his separate answer to each paragraph, pleading former adjudication, his answer being based upon the proceedings in the suit brought by himself in Marion Superior Court, Room 2, as above mentioned. The Fletcher Savings and Trust Company filed its answer, claiming to have a mortgage lien upon said property to secure a note for the sum of $250 and interest thereon. The issues being closed by replies on behalf of the state, the cause was submitted to the court for trial, which resulted in a finding that the appellant, George Scott, had no interest whatever in the said real estate—and that the Fletcher Savings and Trust Company had a mortgage lien upon said property, to secure a certain note in the sum of $250 and interest thereon. There was a decree accordingly, followed by a motion for a new trial by the appellant, which was overruled, and he now prosecutes this appeal.

The errors assigned: (1) Challenge the jurisdiction of the Marion Superior Court to hear and determine this cause; (2) the right of the attorney-general to bring and prosecute this cause; (3) the action of the court in overruling the motion for a new trial.

The appellant in his brief filed herein says: "The court had no jurisdiction to try said case because the attorney-general has no power under the law to bring such action." Counsel for appellant, in this contention, are in error. Section 9276 Burns 1914, Acts 1889 p. 124, among other things, as to the powers and duties of the attorney-general provides:

"* * * to recover any property belonging to or which may escheat to the state, the said attorney-general shall institute, or cause to be instituted and prosecuted, all necessary proceedings to compel the payment of such money or recovery of any such property." See also, *State ex rel.* v. *Meyer* (1878), 63 Ind. 33.

When Mary T. Head died intestate, leaving no person capable of inheriting said land so owned by her, the title to said lands vested at once, by escheat, in the State of Indiana, and it had the right to enter upon and take possession of said property by and through its officers and agents. *Reid* v. *State ex rel.* (1881), 74 Ind. 252.

It is next insisted that the decision of the court is not sustained by sufficient evidence, and is contrary to law, and as the basis for this contention, appellant says that: "There was no evidence that appellant deceived the judge of the Marion Superior Court by any fraud whatsoever." The question as to whether the appellant had been guilty of any fraud in procuring the decree of the Marion Superior Court, quieting his title to said land, in his suit hereinbefore referred to, was of no controling influence in this case. The State of Indiana was not a party to that suit and our statute makes no provision for the making of the state a party defendant in such suits. If any person has a *money demand* against the state, suit may be brought thereon in the superior court of Marion county, but in order to acquire jurisdiction, a summons must be issued and served upon the attorney-general, thirty days before the return day. §1485 Burns 1914, Acts 1895 p. 265. *Actual notice by summons*, served on the attorney-general, is the requirement of the law, when an authorized suit is brought against the state. The decree upon which the appellant attempted to rely was, so far as the

state was concerned, a nullity. The questions which the court had to determine in this case were: (1) The ownership of the property in question by Mary T. Head, at the time of her death; (2) whether she died testate or intestate as to this property; (3) that the property in question was not needed to pay general indebtedness; and (4) whether she left any kindred capable of inheriting said property. If the appellant was not of kindred, capable of inheriting, he could have no interest in the property in question, as an heir of said Mary T. Head, and his belief, or his conduct, whatever its character, could have no controlling influence under the facts of this case. If Mary T. Head died leaving no person as her heir, capable of inheriting under our law, the appellant, by his conduct, good or bad, or by his belief, even though he may have thought the same to be well founded, could not change his own status, or the law of descent.

The trial court excluded the record and judgment of the suit brought by appellant, and in this there was no error. It was incompetent as showing former adjudication. *Kitts* v. *Willson* (1895), 140 Ind. 604, 39 N. E. 313.

On the issue as to whether the appellant was of kin to the said deceased, and capable of inheriting her property, the court permitted certain witnesses, over

4.    the objection of appellant, to testify as to statements and declarations made by said Mary T. Head, during her lifetime, as to what relatives she had. In this there was no error. *Ringhouse* v. *Keever* (1869), 49 Ill. 470.

We find no error in this record. Judgment affirmed.