542        APPELLATE COURTS OF ILLINOIS.

The Farmers State Bank & Trust Co. v. Rayborn, 238 Ill. App. 542.

The Farmers State Bank and Trust Company of Jacksonville, Illinois, et al., Appellants, v. Ethel May Rayborn, Executrix of the Last Will and Testament of Henry S. Rayborn, Deceased, et al., Appellees.

Gen. No. 7,836.

1. FORMER ADJUDICATION—*decision concerning claim held not res adjudicata.* Contention that matter of claim of widow was *res adjudicata* was without merit where executrix on remand of record from Appellate Court did not take a decree upon her petition, but by reason of a new situation filed an amended petition and dismissed the old petition.

2. ESTATES OF DECEDENTS—*allowance of claim is only prima facie evidence against heir.* The allowance of a claim in the county court against the administrator is only prima facie evidence against the heir, and he can contest its allowance on application to sell real estate.

3. ESTATES OF DECEDENTS—*jurisdiction to determine equities on proceedings to sell lands.* Proceedings by administrator to sell land to pay debts in the county and circuit courts is a statutory proceeding, and neither court acts as a court of chancery or can determine equities except as authorized by the statute.

4. DOWER—*duty of representative as to assignment.* There is no duty devolving on an administrator or executor to cause dower to be assigned before applying for an order to sell real estate to pay debts, such duty resting upon the heir, under Cahill's St. ch. 3, ¶¶ 102, 132, and ch. 41, ¶¶ 18, 44.

5. DOWER—*county court cannot coerce representative to cause dower assignment.* Cahill's St. ch, 3, ¶ 132, does not give county court power to coerce an administrator or executor to cause dower to be assigned.

6. ESTATES OF DECEDENTS—*chancery jurisdiction to restrain sale of land under order of county court.* Since county court has no power to require administrators and executors to assign dower and homestead, court of equity has jurisdiction of a bill to enjoin a sale of land subject to dower and homestead and to compel an assignment of dower, the complainant having no other complete and adequate remedy.

7. ESTATES OF DECEDENTS—*jurisdiction over testamentary trusts.* Courts of equity will take jurisdiction over testamentary trusts and preserve the estate from destruction or interference, and in a proper case, where the trustee does not have a complete or ade-

quate remedy at law, enjoin proceedings at law and take over the settlement and adjustment of the probate of the estate.

Appeal by plaintiffs from the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded with directions. Opinion filed October 27, 1925.

JOHN J. REEVE, for appellants.

L. H. JONAS and BELLATTI, BELLATTI & MORIARTY, for appellees.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Appellant, The Farmers State Bank and Trust Company of Jacksonville, Illinois, devisee and trustee, of a testamentary trust, under the last will and testament of Henry S. Rayborn, deceased, as trustee, together with the *cestui que trustents,* averring that proceedings were pending in the county court of Morgan county, brought for the purpose of and tending to the destruction of said trust estate, presented their bill of complaint to the circuit court of Morgan county, on the chancery side of the court, to set off the homestead estate and to admeasure and cause to be assigned the dower rights of Ida E. Rayborn in and to the lands of her husband, Henry S. Rayborn, deceased, and for other relief. There was a demurrer to the bill, the court sustained the demurrer and appellants electing to stand by the bill, it was dismissed for want of equity and appellants have appealed.

The charges in the bill are substantially as follows: Henry S. Rayborn died testate in said county about April 24, 1923, leaving a widow, Ida E. Rayborn, and one daughter, Ethel May Rayborn, a single lady, his only heirs at law. Testator died seized of premises situated in the City of Jacksonville, which he and his wife, Ida E. Rayborn, occupied as a homestead, estimated in the inventory to be of $5,000 in value, and

another house and lot in said city estimated to be of the value of $3,500. There were 138½ acres of farm lands in Greene county of the estimated value of $5,540, and the so-called "Kennedy Farm" in Morgan county, consisting of 208½ acres, estimated in the inventory to be of the value of $20,850. There was personal estate to the amount of $518. Testator left a last will and testament which was duly proven, by which he devised the use of his entire estate to his widow, Ida E. Rayborn, for the term of her natural life. Subject to the life use of the widow, testator devised the 208½ acres known as the "Kennedy Farm" to the Farmers State Bank and Trust Company of Jacksonville, one of the appellants, in trust, with directions to collect the rents, issues and profits thereof and to pay the same to his daughter, Ethel May Rayborn, during her natural life, and in case the said daughter should die without issue, then that the said trustee should convert the said lands into cash and pay one-half thereof to the Odd Fellows' Orphan Home at Lincoln, Illinois, and the other one-half to the Odd Fellows' Old Folks' Home at Mattoon, Illinois. In case said Ethel May Rayborn should die leaving issue, the property in trust was to descend to them. Ethel May Rayborn was made the residuary legatee and devisee and named as executrix in the will. The executrix filed an appraisement bill and there was an award allowed to the widow in the sum of $1,500, and there were claims paid by the executrix and allowed, amounting to the sum of $1,342.58.

There has never been any agreement or proceedings taken to assign homestead and dower in the lands to the widow until the filing of this bill. The widow, Ida E. Rayborn, presented a claim against the estate in the sum of $17,392.45 to the county court, which, with the consent of the executrix, was allowed. Thereafter, the executrix presented her petition to the county court of Morgan county for leave to sell the "Kennedy Farm" lands to procure funds with which to pay debts,

and upon a hearing the county court of Morgan granted a decree, directing that said 208½ acres specifically devised to the appellants should be sold and the proceeds thereof, so far as necessary, be applied to the payment of the debts of said estate. To the said petition appellants entered a demurrer and a motion to set aside the claim allowed to the widow, Ida E. Rayborn, both of which were overruled by the court. That decree was reviewed, on appeal by appellants, in this court at its April term, A. D. 1924, and reversed for errors appearing on the record and remanded for further proceedings. [234 Ill. App. 183.] It appears from the bill filed that, upon the redocketing of the cause in the lower court, the widow, Ida E. Rayborn, renounced under the will and accepted the portions of her husband's estate provided for her by statute. Thereafter, on August 24, 1924, the executrix filed in said county court an amended petition for an order to sell real estate to pay debts, and averring in said petition the widow's homestead estate and right of dower in all of the lands of which testator died seized, and praying that the lands, other than those devised in trust, should be sold first, but that all of said lands, if necessary to pay debts, should be sold subject to the widow's homestead estate and right of dower.

Appellants answered the petition, admitting the truth of certain facts charged and that the widow was entitled to a homestead estate and dower in said lands, and averred the facility and propriety of assigning dower in the ''Kennedy Farm'' lands and other lands, but appellants denied that the lands should be sold subject to the widow's right of dower and homestead estate and averred that to sell said lands subject to homestead and dower rights would amount to a sacrifice of the entire lands, leave nothing but a lawsuit for a purchaser to buy, and that the ultimate result of the allowance of said claim and the granting of said petition would be the destruction of said trust. It was further charged in the answer to said petition and in

the bill herein, that "the purported claim of Ida E. Rayborn for $17,392.45 was not a just claim against said estate and that its allowance was procured by collusion between the said Ida E. Rayborn and the executrix, Ethel May Rayborn, for the sole and only purpose of a basis for selling lands to pay debts and to procure the sale of the lands specifically devised in trust."

The bill avers that a hearing was held upon said petition on the 25th day of November, 1924, and a decree granted, finding the identity of the widow's homestead, and that the lands were worth in excess of $1,000 and were not subject to division and ordering the homestead lands sold and the sum of $1,000 from the proceeds thereof to be paid to the widow. The decree further finds that the widow has not consented to the sale of her estate or dower in said lands, and all of the lands of testator were ordered to be sold, subject to the dower rights of the widow in said lands, to pay the debts as in the bill set out, and in the order, as prayed for in the petition. Appellants thereupon presented this bill of complaint, praying for the assignment of the homestead estate and the admeasurement and assignment of dower, and appellants prayed that a court of equity take over the settlement of the estate and for an injunction against appellee and said widow further proceeding in the county court.

Appellees contend in support of the demurrer to said bill that the matter of the claim of Ida E. Rayborn was *res adjudicata,* it having been passed on by this court in the former hearing, and that the county court in ordering the lands sold subject to dower merely followed the law applicable to county courts. As to the first contention, it might have some merit as to the claim if the executrix, on the remand of the record from this court, had taken a decree upon her original petition. However, a new situation had arisen and the executrix filed an amended petition and dis-

missed the petition upon which this court had heard the case. The allowance of a claim in the county court against the administrator is only prima facie evidence against the heir and he can contest its allowance on application to sell real estate. (*Stone v. Wood,* 16 Ill. 177; *Atherton v. Hughes,* 249 Ill. 326.) Appellees, by abandoning their original petition, afforded appellants a new opportunity to attack the claim. As to appellees' second contention, cases are cited where it has been held within the law to decree the sale of lands to pay debts, subject to dower rights. *Kenley v. Bryan,* 110 Ill. 652, is cited, but in that case dower in all the lands was set off to the widow and the other lands were sold free from dower rights and the dower lands, separately, were sold subject to dower. This proceeding was attacked several years later by a bill called a bill of review, but which the court denominates a bill to impeach a decree for fraud. No objections were made by any of the parties while the proceedings were pending. *Oettinger v. Specht,* 162 Ill. 179, is cited. In this case the petition of the administrator prayed that the dower and homestead of the widow should be set off and commissioners were appointed who reported that dower could not be set off and assigned to the widow without manifest prejudice to the parties in interest, and the lands were sold subject to dower. In this case there were no objections made while the cause was pending and no question was raised until about three years later when one of the heirs having died, the administrator of her estate sued out a writ of error from the Supreme Court and the court based its opinion solely upon *Kenley v. Bryan, supra.* Section 101 of chapter 3 of the Revised Statutes [Cahill's St. ch. 3, ¶ 102] provides that the (county) court "may, with the assent of the person entitled to an estate of dower, * * * sell such real estate with the rest."

Under section 44 of the Dower Act [Cahill's St. ch. 41, ¶ 44], the county court is given jurisdiction "on

the petition of the executor, * * * or of the person entitled to dower and homestead, * * * to cause the dower and homestead, or either, to be assigned," but in that case the lands assigned as dower could not be sold free of dower without the consent of the widow. There are no other provisions of the statute authorizing the assignment of dower or the sale of lands, freed from the right of dower, in a proceeding for the sale of real estate to pay debts in the county court. There are cases to be found where lands have been sold subject to dower and the sale has been upheld, and appellees contend that the law does not require the widow to assign any reason, either for her consent to the sale of her dower or for her refusal, to consent to such sale.

In no case arising from a sale of real estate in the county court do we find that the precise question, as to whether the county court can compel an assignment of dower, has been determined. It has been determined that the proceeding by administrators to sell land to pay debts in the county and circuit courts is a statutory proceeding, and that neither court acts as a court of chancery or can determine equities, except as authorized by the statute. *Moline Water Power & Mfg. Co. v. Webster,* 26 Ill. 234; *Cutter v. Thompson,* 51 Ill. 390; *Bursen v. Goodspeed,* 60 Ill. 283; *Moffitt v. Moffitt,* 69 Ill. 641, and *Therens v. Therens,* 267 Ill. 592.

"It has been repeatedly held by this court that the lands of one dying intestate descend to the heir; and although it is subject to the payment of debts and may afterwards be divested by decree and sale of the administrator, the heir is nevertheless owner and entitled to the rents and profits in the meantime. The administrator, therefore, takes neither an estate, title nor interest in the realty." *Smith v. McConnell,* 17 Ill. 141; *Phelps v. Funkhouser,* 39 Ill. 405. The principle laid down in these cases has been approved in *Hoyt v. Northup,* 256 Ill. 606, and in *Anderson v. Shep-*

*ard,* 285 Ill. 548. And it was held in the earlier cases that the administrator took the lands just as they descended, "but it has not been granted him to try experiments and involve the estate in protracted and expensive litigation under the pretext of removing incumbrances on the estate with a view to a better price when he shall offer it for sale, under an order of court. He must take the estate as he finds it and, if incumbered, his plain duty is to sell it subject to the incumbrance. By so doing, he discharges his whole duty and for the consequences, he himself acting fairly and according to law, is in no wise responsible." *Phelps v. Funkhouser, supra; Smith v. McConnell, supra.* In *Smith v. McConnell, supra,* at page 142 the court held:

"A very forcible argument was offered to show how beneficial it might be to so change the law as to allow administrators to do so, for the purpose of preventing sacrifices by selling under such circumstances of suspicion upon the title, since they have power to dispose of the whole fee. The object is a worthy and meritorious one, well calculated to promote the interests of both creditors and heirs. And had the heir filed his bill to enjoin a sale by the administrator at a sacrifice, until he could remove such depreciating influences with a *bona fide* offer, with convenient speed to do so, a much stronger ground for equitable interference would have been presented."

And in *Phelps v. Funkhouser, supra,* at page 406 the court say:

"If it be desirable to expose this property so mortgaged, as charged in the bill of complaint, to sale for the payment of debts, the course to pursue is clearly intimated in the case of *Smith v. McConnell* above cited. The administrator should obtain an order to sell it and, to prevent the anticipated sacrifice, the heir might enjoin the sale until he could make an effort to set aside the mortgage. We see no other course, as the law now stands, which could be adopted to pre-

vent the disastrous consequences resulting from a sale of property mortgaged to its full value and the mortgage alleged to be invalid."

Thus stood the old law which gave "no power to an administrator to involve an estate in litigation under a pretense of removing an incumbrance with a view to a better price when it shall be offered for sale to pay debts." *Cutter v. Thompson,* 51 Ill. 390. The Act of 1857 somewhat modified the former law.

"It was only intended to confer upon them and upon the circuit courts the power to apply for a sale of land of which the intestate did not, technically, die seized, but such to which he had a claim of title. Such claim was to be investigated by the court in the mode pointed out in the statute, and if found to exist, then an order might be obtained to sell it." *Cutter v. Thompson, supra.*

Section 101 of the Administration Act was passed in 1887, as it exists at the present time, and the court is given power to settle and adjust all equities and to order the land sold disincumbered of the dower with the assent in writing of the person entitled to an estate of dower, in which case the value of the dower shall be ascertained and paid in cash. This section as amended has been construed in *Therens v. Therens,* 267 Ill. 598. Section 44 of the Dower Act provides that the county court may, in a proceeding to sell land to pay debts, cause the dower and homestead to be assigned in the same proceeding on the petition of the administrator or executor, or the person entitled to dower. There is no duty devolving on the administrator or executor to cause dower to be assigned. That duty rests upon the heir. (Section 18 of the Dower Act, Cahill's St. ch. 41, ¶ 18.) Section 130 of the Administration Act [Cahill's St. ch. 3, ¶ 132] gives county courts power to make all necessary orders to coerce executors and administrators to make application to sell lands for the payment of debts and legacies, when the same is necessary, but there is no provision in the

statute by which the court can coerce such officers to cause dower to be assigned. Such an order, in the opinion of this court, is of the same nature as the order of the county court in *Hannah v. Meinshausen*, 299 Ill. 525, requiring a bidder for lands to complete his bid or holding him in contempt of court, on failure to complete his bid. It was held that this was the exercise of general chancery jurisdiction, and the county courts were not clothed with such powers. (*Clayton v. Clayton*, 250 Ill. 433; *Sebree v. Sebree*, 293 Ill. 229.) If county courts are not clothed with power to require administrators and executors to assign dower and homestead, as we have indicated, then appellants do not have a full, complete and adequate remedy at law in the proceeding set out in the bill, in the county court of Morgan county. Appellants cannot demand the assignment of dower, either under section 101 of the Administration Act or under section 44 of the Dower Act. In a partition suit, *Grote v. Grote*, 275 Ill. 209, it was held error to sell the lands subject to dower and without dower having been assigned, over the objection of the heir or devisee. In this situation appellants have filed their bill to cause dower and homestead to be assigned to the widow, Ida E. Rayborn. From the early history of our courts it has been an elementary principle that courts of equity and of law would exercise concurrent jurisdiction in the assignment of dower. (19 Corpus Juris 555; *Blain v. Harrison*, 11 Ill. 384; *Turney v. Smith*, 14 Ill. 242; *Osborne v. Horine*, 17 Ill. 92; *Ringhouse v. Keever*, 49 Ill. 470; *Simpson v. Ham*, 78 Ill. 203; *Burns v. Miller*, 110 Ill. 242; *Coburn v. Herrington*, 114 Ill. 104; *Hart v. Burch*, 130 Ill. 426 and *Lavery v. Hutchinson*, 249 Ill. 89.)

Appellees having taken no steps to have dower and homestead assigned to the widow, appellants' bill of complaint did charge a ground of equity for the admeasurement and assignment of dower and homestead. Under the allegations of the bill of complaint, for the

reasons as fully set out in the opinion of this court in Gen. No. 7,837, *ante,* p. 482, at this term of the court, it is the opinion of the court that the provisions of the decree in that case as to the sale of the homestead, free and clear of the homestead estate of the widow, without her consent and without the assignment of the same under the statute, was void.   We reiterate what is said in the opinion in Gen. No. 7,837:

"There has never been any authority to forcibly extinguish a homestead estate in lands where the same were not susceptible of division and the value of the lands exceeded the sum of $1,000, except by following the statute, or under the general chancery powers of a court of equity (*Wilson v. Illinois Trust & Savings Bank,* 166 Ill. 13; *Powell v. Powell,* 247 Ill. 438; *Macaulay v. Jones,* 295 Ill. 618, and *Richardson v. Trubey,* 250 Ill. 582)," and the bill states a ground of equity for relief as to the homestead premises.

Appellants further urge that a court of equity should administer this estate under its jurisdiction over trusts and it is contended that the administration of estates on account of mismanagement is primarily and originally in courts of equity, citing: Pom. Eq. Jur. (4th Ed.) secs. 1152-1154; *Mahar v. O'Hara,* 9 Ill. (4 Gilm.) 424; *McCreedy v. Mier,* 64 Ill. 495; *Heward v. Slagle,* 52 Ill. 336; *Freeland v. Dazey,* 25 Ill. 294; *Townsend v. Radcliffe,* 44 Ill. 446; *Elting v. First Nat. Bank, of Biggsville,* 173 Ill. 368; *Chapman v. American Surety Co.,* 261 Ill. 594.

It is elementary that courts of equity will take jurisdiction over testamentary trusts, and preserve the estate from destruction or interference, and in a proper case, where the trustee does not have a complete or adequate remedy at law, enjoin proceedings at law, and take over the settlement and adjustment of the probate of the estate.   The bill in this case stated a ground for equitable relief in the jurisdiction of courts of equity over testamentary trusts.

What we have said makes it unnecessary to pro-

long this opinion by discussing a further ground of equity. Neither is it necessary to pass upon the question whether the allegations in the bill were sufficiently specific to charge fraud in the matter of the claim of Ida E. Rayborn. We are of the opinion that the bill stated a ground of equity and that the demurrer should have been overruled and appellees given leave to answer the bill.

The decree of the circuit court of Morgan county is reversed and the cause remanded with directions to overrule the demurrer and grant leave to appellees to answer the bill.

*Reversed and remanded with directions.*