ELIZABETH BOWERS

*v.*

SAMUEL S. BLOCK *et al.*

*Filed at Ottawa June 15, 1889.*

1. ADMINISTRATOR'S SALE—*prior acquired title—estoppel as to parties.* Where a person is made a party defendant to an administrator's petition for an order to sell land to pay debts, and fails in that proceeding to set up or assert any title in himself, he will be estopped from asserting title acquired prior to such proceedings, as against the purchaser at the administrator's sale.

2. The real purpose of requiring all persons who are in the occupancy of the land, to be made parties to an administrator's application for leave to sell lands, is to relieve, as far as possible, the title to the land from uncertainty; and while the county court, in such a proceeding, could not, prior to the act of June 15, 1887, adjust conflicting claims of title, it might, as far as practicable, advise the purchaser of the nature and character of the title to be acquired at the sale.

3. SAME—*presumption—as to proper parties.* In the absence of any proof to the contrary being preserved in the record of an action of ejectment by a purchaser at administrator's sale, against the widow of a deceased claimant, it will be presumed in favor of the judgment in the action of ejectment, that the heirs of such deceased claimant were made parties to the proceedings by the administrator, in the county court, for the sale of his intestate's land to pay debts, so as to estop them from setting up any prior acquired title.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. CRAFTS & STEVENS, for the appellant:

Appellant might have defeated the action by showing an outstanding title in a third person. *Boyer* v. *Thornburg,* 115 Ill. 543.

The children of the deceased owner not having been made parties to the administrator's application to sell land, are in no way affected by the decree of sale. Their father having taken possession of the land, in 1863, adversely to the intes-

tate, this constituted a disseizin of the intestate, which being continued for twenty years, was a bar to the action of ejectment by one succeeding to the rights of the purchaser at the administrator's sale. Washburn on Real Prop. (4th ed.) 144.

The Statute of Limitations having commenced to run from the time of the ancestor's entry, and he dying in possession, claiming ownership of the premises, his title and possession passed at once to his heirs,—his three children; and they having continued in the possession of said premises, claiming ownership thereto under the possession of their father, their title became complete in 1883, under section 1, chapter 83, Starr & Curtis' Statutes. Washburn on Real Prop. (4th ed.) 144-147; *Hamilton* v. *Right,* 30 Iowa, 480; *Flaherty* v. *McCormick,* 113 Ill. 538; *Stewart* v. *Duffy,* 116 id. 47; *Grim* v. *Murphy,* 110 id. 271.

Possession, coupled with the claim of ownership in fee, makes a *prima facie* case of title in the one in possession. (*Lancey* v. *Brock,* 110 Ill. 609.) And twenty years' possession makes the bar of the statute complete, though not begun or maintained under any color of title. *Grim* v. *Murphy,* 110 Ill. 271; *Flaherty* v. *McCormick,* 113 id. 538; *Stewart* v. *Duffy,* 115 id. 47.

That an outstanding title in a third person superior to plaintiff's will defeat a recovery, can not be questioned. It has been settled by this court in the following cases: *Rupert* v. *Mark,* 15 Ill. 540; *Boyer* v. *Thornburg,* 115 id. 540; *Asher* v. *Mitchell,* 92 id. 480.

Mr. E. J. HARKNESS, and Messrs. WILSON & MOORE, for the appellees:

It is conceded by counsel that appellant is estopped by the decree under which the sale was had, from setting up any title in herself to the premises sold, as it would be against good conscience for her so to do. The basis of this estoppel is, that she was a party to a proceeding under which the land

was purchased, as being owned by Mrs. McMurtry in fee. The essence of the estoppel is, that the appellant should not now be heard to deny or question the facts alleged, and found by the decree in the proceeding, and upon the strength of which the purchaser bought and paid for the land. The facts asserted in the case, and upon the strength of which the purchaser paid his money, was, that Mrs. McMurtry owned the land, and that appellant was in the possession thereof. These are the facts which were found by the decree in the proceeding to which appellant was a party, and upon the strength of which the purchaser parted with his money. They are therefore the facts which are both *res judicata,* and which appellant is estopped from denying. The purchaser had a right to assume that if he purchased he could obtain possession without litigating the question as to who owned the property, with the occupant thereof, who was a party to the suit.

Even if a decree entered by a court is erroneous, it can not be attacked collaterally, or its truthfulness contested by a party to the suit.

The probate court had jurisdiction of the subject matter and of the person of appellant, and its decree and the findings therein set forth, can not be questioned by her in this collateral suit.

Having omitted from the bill of exceptions and the record the greater portion of the testimony upon which the case was tried in the Superior Court, appellant is in no position to contend that the finding of the court was not right, upon the evidence. In the absence of the evidence from the record, the presumption is that the finding of the court is correct.

Mr. Chief Justice Shope delivered the opinion of the Court:

This was ejectment, by appellees, against appellant, to recover possession of a certain lot, brought March 4, 1885. The cause was tried by the court, without a jury, by consent, and

resulted in a finding and judgment for appellees, and defendant below prosecutes this appeal.

The plaintiffs, to maintain the issues on their part, as is stated in the bill of exceptions, offered the files and record of the county court of Cook county, in a certain proceeding wherein William E. McMurtry, administrator of Maria McMurtry, deceased, applied, by petition to said court, for leave to sell the tract in controversy, with others, to pay the debts of his decedent. It is conceded that such proceedings were in all respects regular, but the same are not set out or contained in the bill of exceptions. It is shown that the files and record in that cause were introduced in evidence, and considered by the court in determining this case. It is stated in the bill of exceptions that the petition was filed May 6, 1882, and described the property in controversy; gave the condition of the estate; recited the appointment of an administrator; that the administrator had made report of the deficit of personal assets, etc., and "states about the occupancy of this lot 3 by Elizabeth Bowers." It appears from the bill of exceptions, that counsel for plaintiff offered in evidence "the summons in this matter, the petition, etc., dated on the 6th day of May, 1882, to sell real estate, and the return of the sheriff, showing that Mrs. Bowers was served on the 3d day of June, 1882." The bill of exceptions further recites that counsel for plaintiff then said, "I offer in evidence a decree of the probate court, entered on the 20th day of June, 1882," and he also offered a report of the sale, the order of approval thereof, and the decree for sale, together with the deed from the administrator, for the lot in controversy, to Howard Baldrich, and other *mesne* conveyances vesting the title derived by virtue of said sale and administrator's deed in the plaintiffs,—all of which, it is shown by the bill of exceptions, was admitted and considered by the court.

In the view we entertain, it will be unnecessary to discuss or determine the questions said to arise in respect of the title sought to be shown in said decedent. It is conceded that ap-

pellant, having been made a party and duly summoned in the proceeding by the administrator before mentioned, and having failed, as it is conceded she did, to set up or assert in that proceeding any title in herself, would be estopped from asserting title acquired prior to such proceedings, against the purchaser at such sale. By the statute (Rev. Stat. 1874, chap. 3, sec. 99,) it is provided: "The widow, heirs and devisees of the testator or intestate, and the guardian of any such as are minors, and the conservators of such as have conservators, and actual occupants of the premises, where the same or any part thereof are occupied," shall be made parties defendant in proceedings to sell real estate of decedents to pay debts. It was said in *Harding* v. *LeMoyne,* 114 Ill. 65, that the object of making the parties named in the statute defendants, is for the purpose of enabling them to see that no injustice is done to those having claims against the estate, and that the requirements of the statute are complied with. The authority given by the statute is, to sell all real estate necessary for the payment of debts, to which the decedent had any "claim or title." And it was said in the case last cited: "If the paramount owner should happen to be joined as a defendant to the proceeding, it would doubtless be his duty to assert his rights to the property in his answer,—not for the purpose, however, of forming an issue of that kind, to be tried in that proceeding, but for the purpose of giving notice of his right to prevent an estoppel." It may be said, we think, that the real purpose of requiring all persons who are in the occupancy of the land to be made parties, was to relieve, as far as possible, the title to the land from uncertainty, and, while it is clear that the county court, in that proceeding, could not adjust conflicting claims of title, as far as practicable to advise the purchaser of the nature and character of the title he would derive at the sale.

It is, however, contended, that the court erred in excluding evidence offered by appellant tending to show an outstanding title in the children of appellant and her deceased husband,

from the latter of whom, it is alleged, they acquired a possessory right in the land in controversy, by inheritance, and, as such heirs, had continued in the adverse possession of the land for more than twenty years prior to the bringing of this suit, claiming to be the owners thereof in fee; and also tending to show that the entry and possession of their ancestors were made under claim of ownership in fee. Appellant, in attempting to show outstanding title, proposed to prove that the heirs mentioned were in the actual possession and occupancy of the premises from 1863 to the bringing of this suit, thereby establishing their occupancy of the premises at the time of the filing of said petition for the sale of land of the estate of Maria McMurtry, deceased, to pay debts. She insists that the occupancy of said land during all the period before mentioned, by such children, was actual, adverse, open and notorious, so that the bar of the twenty years' statute of limitations had become complete at the time of the commencement of this suit. We have seen that the statute requires all occupants of lands sought to be sold to pay debts, in the county court, shall be made parties defendant to the proceedings therefor. In the absence of anything appearing in this record showing to the contrary, it must be presumed that the county court would not have proceeded to the rendition of the decree authorizing the sale of the land, without proof that such occupants were parties to that proceeding. The presumption existing in favor of the regularity of judicial proceedings renders it imperative upon the party alleging error, in suits at law, to make it apparent by the record. If appellant desired to rely upon the outstanding title of the heirs of Bowers, she must show affirmatively that their title was paramount. This, it is conceded, might be done by showing actual, adverse possession for twenty years, under claim of title. But if such heirs, who are not shown by this record to have been under any disability whatever, were made parties defendant to the proceedings in the county court for the sale of these premises to pay debts,

before mentioned, as it must be presumed they were, the contrary not being shown, it is apparent that they would also be estopped from asserting title then held by them against purchasers at the sale made in pursuance of the decree rendered in that proceeding. It is not claimed that they, or either of them, have acquired title subsequent to such sale.

As before said, the record wholly fails to show who, aside from appellant, were made parties to said proceeding in the county court. It was the duty of appellant, in her offer of proof, to make such a case as would show title in said heirs, and if, for any reason, it was apparent that the proof, if admitted, would not defeat a recovery by appellees, it would not be error for the court to reject it. For aught this record shows, it may have been apparent to the court, from an inspection of the record in the county court proceedings, which, as before said, is shown to have been introduced and considered by the court, that a state of facts was therein disclosed which would constitute a bar, or estop such third persons from asserting title as against appellees. What was shown we are not permitted to know, and the presumption before referred to, in favor of the regularity and correctness of judicial proceedings, must prevail. This record is in no condition to present the questions sought to be raised by counsel, and an inspection of it fails to show, affirmatively, that error has intervened in entering the judgment of the Superior Court, and such judgment will therefore be affirmed.

*Judgment affirmed.*