CALLISTUS A. ENNIS

*v.*

ADOLPH WOLFF *et al.*

*Opinion filed February 21, 1902.*

1. EQUITY—*chancery is not the proper forum for litigating questions involving mere legal title.* A court of chancery is not a proper forum for the litigation of questions involving the mere legal title between opposing claimants; nor is such procedure permissible, in a foreclosure suit in equity, by way of an intervening petition filed after sale and while a receiver is in possession under a deficiency decree, whereby the intervenor seeks to have his right of ownership and to possession, adverse to the title of the mortgagors, adjudicated as an adjunct to and a part of the foreclosure suit.

2. SAME—*when decree dismissing intervening petition should make no finding as to title.* Upon dismissing an intervening petition filed in a foreclosure suit, whereby the intervenor seeks to have adjudicated questions involving the mere legal title, the court should not incorporate in the decree a finding that the intervenor has no title to the premises in controversy.

APPEAL from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

Appellant filed an intervening petition against appellees in the foreclosure suit of Augusta Lehmann against Bertha Wolff and others, in which petition he claimed title to and right to possession of the mortgaged premises as against appellees. The decree found that he had no title to or right in the premises, and dismissed his petition for want of equity and granted relief to some of appellees. From that decree this appeal is taken.

It will be necessary to refer to the original proceedings in order to correctly state the relation of the parties.

In 1898 Augusta Lehmann filed a bill to foreclose a trust deed executed by Bertha and Della Wolff upon lots 9 and 10 and the south 27 feet of lots 7 and 8, in block 12, of Cleaverville, in Cook county, Illinois, together with a small strip of Michigan Terrace, adjoining the premises aforesaid. Among the parties defendant to this bill were

the New York Insulated Wire Company and appellees Selig Morris and George F. Davie. The allegation of the bill· as to these three defendants was, that they "claim some interest in said premises." The wire company was served with process and defaulted. Morris and Davie appeared and answered the bill. On June 1, 1900, a decree of sale was entered, finding the amount due under Mrs. Lehmann's trust deed and ordering the property sold to satisfy that amount. The decree further found that Morris and Davie "have a lien upon said premises for the sum of $666.25, etc., subject and inferior to the lien of complainant." This decree of sale was entered *pro confesso* as to the New York Insulated Wire Company. The only other provision as to either of these defendants was the order that all defendants and persons claiming under them "be forever barred and foreclosed from all equity of redemption and claim of, in and to said premises, and every part or parcel thereof, which shall have been sold as aforesaid and which shall not have been redeemed according to law." A sale was had under this decree, and the amount realized left a deficiency due Augusta Lehmann of $6300. Charles Greve, the receiver theretofore appointed, remained in possession to collect this deficiency.

On August 20, 1900, appellant, Ennis, by leave of court filed his intervening petition in the case of *Lehmann* v. *Wolff et al.*, making appellees parties. Ennis claims title to the premises in question by virtue of the following proceedings: Judgment, September 24, 1896, in favor of New York Insulated Wire Company and against Bertha and Della Wolff and others, before a justice of the peace; execution issued on said judgment and returned by constable *nulla bona*, October 10, 1896; transcript of said judgment filed January 15, 1897, in the office of clerk of circuit court; execution issued out of circuit court on June 10, 1897, and levied by sheriff on premises in question August 3, 1897; sale by sheriff to New York Insu-

lated Wire Company on August 31, 1897, and certificate of sale issued to wire company, and recording of duplicate certificate; assignment of certificate of sale by wire company to Ennis, November 18, 1899; deed issued by sheriff to Ennis August 16, 1900. The petition averred that Bertha and Della Wolff were the owners of the property January 15, 1897; that the filing of the transcript on that day created a valid lien, which by the subsequent proceedings ripened into ownership in Ennis, thereby entitling Ennis to possession and rents, subject to the deficiency of $6300 due Augusta Lehmann; and prayed that he be decreed the owner, and that possession be turned over to him on the payment of said deficiency and the discharge of the receiver.

Morris and Davie filed a general demurrer to the petition, which was argued and overruled. All of the respondents filed answers. The receiver neither admitted nor denied the allegations. Adolph Wolff denied all allegations except that Bertha and Della Wolff were owners of the premises in question on January 15, 1897. Morris and Davie did the same, and in addition set up their judgment of April 8, 1898, return *nulla bona* of execution, and that on July 29, 1898, they filed a creditors' bill against Bertha and Della Wolff and the tenants of the property, which bill was still pending, and by virtue of which Morris and Davie claim to have acquired an equitable lien on the property and rents superior to the rights of Ennis. Morris and Davie also claim in their answer that Ennis is barred from asserting his rights because of the default of the New York Insulated Wire Company in the original foreclosure proceeding of *Lehmann* v. *Wolff.*

On the trial Ennis introduced the transcript, execution, certificate of sale, duplicate certificate and sheriff's deed mentioned in the petition, and some testimony to identify the description with the subdivision of Cleaverville. Morris and Davie introduced the files of their creditor's bill, and Adolph Wolff a quit-claim deed from

Bertha and Della to himself. The documentary evidence introduced by appellant was objected to, but no evidence was introduced denying it or tending to disprove it. The objections all went to the sufficiency of the justice's transcript and the sheriff's return. The court found that appellant had failed to prove the allegations of the petition; that the judgment by the justice was void and that all subsequent proceedings were of no effect; that Ennis had no title; that Adolph Wolff owned the property and that Morris and Davie were entitled to a lien. The decree dismissed the petition of Ennis for want of equity, ordered Morris and Davie's lien paid to them and the possession of the premises turned over by the receiver to Adolph Wolff. The decree was entered April 5, 1901.

The errors relied on for a reversal are the findings that appellant failed to establish the material allegations of his petition and that he had no title or right in or to the premises in question, and the order denying the prayer of the petition and dismissing the same for want of equity; also.finding that the judgment by the justice was void and that all subsequent proceedings were void.

LAWRENCE M. ENNIS, for appellant.

JOHN C. WILSON, for appellee Adolph Wolff.

MOSES, ROSENTHAL & KENNEDY, for appellees Selig Morris and George F. Davie.

Mr. JUSTICE RICKS delivered the opinion of the court:

From the foregoing statement it is apparent that the intervening petition of appellant sought to have adjudicated both his right to possession and ownership of the property in controversy as an adjunct to and a part of the foreclosure suit, which was a proceeding had, and then pending, in chancery. His claim was not in support of, but adverse to, the title of the mortgagors, and he predicated his title and right to possession upon an al-

leged sale under execution. A court of chancery is not a proper forum for the litigation of questions involving the mere legal title between opposing claimants, nor is such procedure permissible in a foreclosure suit in equity. (*Gage* v. *Perry,* 93 Ill. 176; *Bozarth* v. *Landers,* 113 id. 181.) A sale of the premises had already been decreed and made, and the receiver was in possession under the deficiency decree. The full record of the foreclosure proceeding is not incorporated in the record now before us, but the averment of the bill is that the receiver had had possession of the premises for two years and that he had paid the deficiency. Be that as it may, the consideration of appellant's interest in the rent was in no way material or necessary to a proper disposition of the foreclosure suit, but was simply the assertion of appellant to the right of possession and title to said property and to have the rents paid to him, and as soon as the nature of the bill was made to appear to the court it should have been dismissed. (*McAlpine, Polk & Co.* v. *Zitzer,* 119 Ill. 273.) A demurrer was interposed, which should have been sustained but was not, and on final hearing the court dismissed appellant's bill for want of equity. The decree of the circuit court dismissing the bill was proper, but the finding of the court, in that decree, that appellant had no title to the lands in question and was not entitled to their possession was wholly unnecessary and should not have been entered.

The decree of the superior court is modified to the extent that it makes any declaration against the title or interest of appellant further than his right to maintain the petition in question, leaving the rights of appellant under his alleged title to the mortgaged premises, whatever they may be, to be asserted in any court of law as a matter of defense or attack, as he may be advised, and in all other respects the decree of the superior court is affirmed.

*Decree modified and affirmed.*