(*Superior Court of Cook County. In Chancery.*)

## Leiter, et al.

### vs.

## Leiter, et al.

### (1902.)

1. PROBATE COURTS—SALE OF REAL ESTATE TO PAY DEBTS. The probate court has jurisdiction to sell real estate in which the decedent had any claim or interest, for the purpose of paying debts although the decedent was not seized of title at the time of his death.

2. SAME—INTEREST OF HEIRS CUT OFF. Where real estate is sold to pay debts under an order of the probate court, the interest of the heirs in the premises sold is divested.

3. SAME—EFFECT OF DECREE ON RIGHTS OF JUDGMENT CREDITOR. A bill was filed to foreclose a mortgage, a receiver was appointed and a sale was had. During the period of redemption the mortgagor died and the interest of such mortgagor was sold to pay debts under a decree of the probate court. A judgment creditor was made a party to the probate court proceedings. The decree of sale in the probate court was made subject to the master's certificate of sale and the possession of the receiver. The judgment creditor thereafter intervened in the foreclosure suit and sought to subject the funds in the hands of the receiver to the payment of his judgment. *Held*, that such judgment creditor was bound by the decree of the probate court;

that he must look to the assets in course of administration in such court for a satisfaction of his claim; that he should have set up his claim in the probate court proceeding and his failure to do so estops him from asserting any claim paramount to that acquired by the purchaser under the probate court decree.

Bill to foreclose mortgage. Cross-bill of judgment of judgment creditor to subject funds in hands of receiver to payment of judgment. Order dismissing cross-bill. Motion to set aside same. Heard before Judge Jesse Holdom.

For statement of facts see opinion.

Albert N. & Edward P. Eastman, solicitors for defendant, Henry A. Eastman.

S. A. & W. G. French and H. C. Noyes, solicitors for cross-complainant.

HOLDOM, J.:—

This is a motion to set aside an order dismissing the cross-bill of David Rankin, seeking to subject the funds in the hands of the receiver of the premises foreclosed, to the payment of a judgment held by him as assignee against the mortgagor, T. Benton Leiter.

Subsequent to the sale of the mortgaged premises and during the period of redemption (T. Benton Leiter, mortgagor and judgment debtor, having died soon after the filing of the bill to foreclose) application was made under the statute, in the estate of Leiter, to sell his claim and interest to the mortgaged premises to pay debts established against his estate in excess of personality, in which proceeding Rankin was made a party defendant and of whom the probate court acquired jurisdiction. The probate court had jurisdiction to order sold in due course of administration, to pay debts, any real estate in which deceased had any claim or interest, although not seized of title at the time of his death. Stow v. Kimball, 28 Ill. 93; Cutter v. Thompson, 51 Ill. 390.

In Cutter v. Thompson, 51 Ill. 390, the court said, page 392: "We do not believe it was the design of the legislature, by that act, to do anything more than to allow an adminis-

trator to apply for the sale of an estate which the intestate claimed, but of which he did not die seized.''

In *Stow v. Kimball*, 28 Ill. 93, the interest sold was one derived under a contract of sale the conditions of which on the part of the intestate remained unperformed at the time of his decease.

Rankin proved his claim under the judgment held by him as such assignee against the estate of Leiter in the probate court, and it was allowed as of the seventh class.

A decree of sale was entered in the probate court, sale thereunder made to Henry A. Eastman and approved by that court, and a deed made and delivered to Eastman as such purchaser.

The decree of sale made three restrictions only: first, widow's dower; second, master's certificate of sale, and third, possession of receiver. Aside from these all the estate and claim of the Leiter heirs, including the equity of redemption, was divested at the sale under the decree and vested in the purchaser, Henry A. Eastman.

Rankin was bound by the decree of the probate court and for satisfaction of his claim under the judgment against Leiter he must now look to the assets of the Leiter estate in due course of administration in the probate court. Had he desired to preserve any lien which he claimed to the rents or other proceeds arising out of the mortgaged premises during the running of the period of redemption he should have set up his claim in the proceeding in the probate court, and have procured the sale there to be, made subject thereto; failing so to do, he is now estopped from asserting any claim paramount to that acquired by Eastman under his deed as a purchaser at the sale under the decree of the probate court. The very thing sold under the probate court decree was the right of redemption vested in the heirs of Leiter and subject to be divested by decree of sale to pay the debts of their ancestor. By this sale, made under decree of the probate court, all the estate and claim of the heirs of Leiter to the mortgaged premises was effectually cut off and divested. Rankin is bound by that decree.

In *Bowers v. Block,* 129 Ill. 424, the court said, page 428:
"It was said in *Harding v. LeMoyne,* 114 Ill. 65, that the
object of making the parties named in the statute defend-
ants, is for the purpose of enabling them to see that no in-
justice is done to those having claims against the estate and
that the requirements of the statute are complied with.  The
authority given by the statute is to sell all real estate neces-
sary for the payment of debts, to which the decedent had any
'claim or title.. And it was said in the case last cited, 'If
the paramount owner should happen to be joined as a de-
fendant to the proceeding, it would doubtless be his duty to
assert his rights to the property in his answer—not for the
purpose, however, of forming an issue of that kind, to be
tried in that proceeding, but for the purpose of giving notice
of his right to prevent an estoppel.' ''

This decision was rendered prior to the amendatory act of
1887, which gives to the probate court jurisdiction to settle
all conflicting titles, adjust all liens and sell all interests.

*Newell v. Montgomery,* 129 Ill. 58, construing sec. 101, ch.
3, title Administration, made it incumbent upon the probate
court to settle the equities and rights of all parties in such
proceedings when adverse claims were made by the pleadings.
In the light of sec. 101, *supra,* adverse title or interest set
up by answer must be joined as an issue and tried in that
proceeding.

Without deciding the propriety of the cross-bill of Rankin
but for the sale under the decree of the probate court in
the Leiter estate, or the relevancy of the case of *Ennis v.
Wolff,* 194 Ill. 420, to the issues joined on the cross-bill of
Rankin, I am of the opinion that as to Rankin's rights in the
product of the equity of redemption being the moneys in the
hands of the receiver, that the whole question as affecting any
paramount claim he may have had is *res adjudicata* by reason
of his failing to assert that claim, if any he had, in the pro-
bate court, in the proceeding to sell real estate to pay debts,
in which he was a party, and in allowing that sale to be made
freed from any prior claim or lien which he could have then
asserted; to hold otherwise would be to adjudge that the pro-

bate court sale was abortive to pass any title, and a mere idle form.

The motion, therefore, to set aside the decree dismissing the cross-bill of Rankin for want of equity, is denied.